ALD-356 and ALD-357                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-1060 and 14-2843
_____

IN RE:  JAMES C. PLATTS,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-10-cr-00176-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 28, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 3, 2014)

_____

OPINION
_____

PER CURIAM

Pro se petitioner James Platts has filed petitions for writs of mandamus seeking to correct what he claims is an "inappropriate" criminal sentence and to compel the District Court to rule on one of his many pending motions.  We will deny the petitions.

In October 2011, Platts pleaded guilty to multiple counts of mail fraud, money laundering, and conspiracy, and the District Court sentenced him to 46 months of

imprisonment.  Although Platts waived his appellate and collateral challenge rights in his plea agreement, he appealed.  We granted the Government's motion to enforce the appellate waiver and summarily affirmed on that basis.  See United States v. Platts, C.A. No. 12-2327 (order entered Jan. 11, 2013).  Platts has now filed a mandamus petition claiming that his 46-month sentence is unreasonable and greater than the applicable guideline range, thus resulting in a fundamental miscarriage of justice.  Platts asks that we vacate his sentence and remand the case for resentencing before a different judge.

Mandamus is an extraordinary remedy.  See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976).  To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted).  Additionally, mandamus cannot be used as a substitute for an appeal.  Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Here, Platts presents issues similar to those that were raised under the guise of ineffective assistance of counsel claims on direct appeal.  As noted, we enforced the appellate waiver at that time.  Furthermore, a motion filed pursuant to 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Platts recently filed a § 2255 motion in the District Court, and that motion

2

remains pending at this time.  Regardless of whether the District Court reaches the merits of that motion or determines that Platts has failed to overcome the waiver of his collateral challenge rights, he will have an opportunity to pursue appellate review of the District Court's determination.

Platts fares no better with his request to have the matter remanded for proceedings presided over by a different judge.  Platts makes no colorable showing of bias and, as we informed Platts previously in C.A. Nos. 13-3308 and 3311, § 2255 motions generally are referred "to the judge who conducted the trial and imposed sentence[.]"  Rule 4(a), Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255.

Also pending in the District Court at this time is Platts' "Motion to Properly Address an Unaccepted Factual Basis to Support a Conviction," which Platts asks that we direct the District Court to dispose of forthwith.  Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).  However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.  The delay complained of by Platts is not tantamount to a failure to exercise jurisdiction, especially considering the barrage of motions that he continues to file.  Because only a little more than four months have passed since Platts filed his motion, the delay "does not yet rise to the level of a denial of due process."  Id. (denying a mandamus petition where the district court had not

3

ruled on petitioner's motion in four months).  We are fully confident that the District Court will adjudicate Platts' motion in due course.

Accordingly, because Platts has not demonstrated that mandamus relief is warranted, we will deny the petitions.